UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIAKO LIENDJI ROLAND CABREL,<br><br>                                  Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center,<br><br>                                  Respondent. | Case No.:  3:26-cv-00526-RBM-BJW<br><br>**ORDER REQUIRING STATUS REPORT** |

Pending before the Court is Petitioner Tiako Liendji Roland Cabrel's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition").  (Doc. 1.) Petitioner claims that his continued detention without a bond hearing has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause.  (*Id.* at 2, 6–7.)  Respondents argue that the Court does not have jurisdiction to hear Petitioner's claims, and that even if it did, Petitioner's detention has not become unreasonably prolonged under the relevant test.  (*See* Doc. 6 at 4–16 (discussing factors under *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022)).)  The Court requires additional information to rule on the issues raised in the Petition.

## I.      BACKGROUND

**A.      Factual Background**

Petitioner is a citizen of Cameroon who entered the United States on April 28, 2025.

1

(Doc. 6 at 3 (citing Doc. 6-1 at 3–4).)[1]  Petitioner "was originally processed for expedited removal, but he was never removed."  (*Id.*)  Petitioner was later determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and taken into Immigration and Customs Enforcement ("ICE") custody pursuant to 8 U.S.C. § 1225(b).  (Doc. 6 at 3.)  Petitioner was then issued a Notice to Appear, which initiated removal proceedings against him under § 1229a.  (*Id.* (citing Doc. 6-1 at 6 [Notice to Appear]))  As of February 19, 2026, "Petitioner's removal proceedings remain[ed] pending, and his individual merits hearing [was] scheduled for February 24, 2026."  (Doc. 6 at 3–4.)

**B.    Procedural Background**

Petitioner, proceeding *pro se*, filed the Petition on January 23, 2026.  (Doc. 1.)  Shortly thereafter, the Court set a briefing schedule.  (Doc. 4.)  Respondents filed their Return to Petition for Writ of Habeas Corpus on February 19, 2026.  (Doc. 6.)  Petitioner was authorized to file a reply on or before March 5, 2026, but did not file one.

## II.    <u>DISCUSSION</u>

First, the Court has consistently rejected Respondents' 8 U.S.C. § 1252(g) jurisdictional argument, *see Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025), and does so again here for the same reasons.  Petitioner challenges violations of ICE's duties under the Constitution.  He is thus enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order."  *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).

Second, the Court requires additional information to rule on the Petition.  Although Respondents argue that, if the Court should reach the issue of prolonged detention, it should apply the *Lopez* factors, *Lopez* concerned a petitioner detained under § 1226.  *See Lopez*, 631 F. Supp. 3d at 879 ("To determine whether § 1226(c) detention has become

---

[1]  The Court cites the CM/ECF electronic pagination for filings unless otherwise noted.

3:26-cv-00526-RBM-BJW

unreasonable . . . .").  Therefore, the Court applies the six-factor balancing test used by courts analyzing prolonged detention under § 1225(b).  *See Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773 (S.D. Cal. 2020).  Under this test, which shares significant overlap with the *Lopez* factors, the Court considers:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025).

The Court lacks sufficient information regarding the second, fourth, fifth, and sixth factors because, in the time since the Petition became fully briefed, Petitioner had a scheduled merits hearing.  (*See* Doc. 6 at 4 (noting Petitioner's merits hearing was scheduled for February 24, 2026).)  Respondents argue that Petitioner's "immigration proceedings are *finite* and have a definite ending point (though the exact date is unknown)." (Doc. 6 at 14 (emphasis in original).)

### III.   CONCLUSION

Therefore, the Court **ORDERS** Respondents to **FILE** a supplemental status report on or before **March 31, 2026**.  The status report shall indicate: (1) whether Petitioner's merits hearing occurred on February 24, 2026 and, if so, the outcome of that hearing; (2) if it did not, when the merits hearing was rescheduled and why it was rescheduled; (3) whether there are further hearings scheduled; (4) whether Petitioner has appealed, or may appeal, the outcome of any of these hearings; and (5) anything else relevant to the Court's consideration of the *Kydyrali* factors.

**IT IS SO ORDERED.**

DATE:  March 23, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3

3:26-cv-00526-RBM-BJW