UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIAKO LIENDJI ROLAND CABREL, | Case No.: 3:26-cv-00526-RBM-BJW |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al., | **[Doc. 1]** |
| Respondents. | |

Pending before the Court is *pro se* Petitioner Tiako Liendji Roland Cabrel's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

**A.    Factual Background**

Petitioner is a native and citizen of Cameroon who entered the United States on April 28, 2025.  (Doc. 6 at 3 (citing Doc. 6-1 at 3–4).)[1]  Petitioner "was originally processed for expedited removal, but he was never removed."  (*Id.*)  Petitioner was later determined to

---

[1]  The Court cites the CM/ECF electronic pagination for filings unless otherwise noted.

1

be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and taken into Immigration and Customs Enforcement ("ICE") custody.  (Doc. 6 at 3.)  Petitioner received a positive credible fear determination and was then issued a Notice to Appear, which initiated removal proceedings against him.  (*Id.* at 2.)

Petitioner's individual merits hearing was held on March 23, 2026.  (Doc. 9 at 2.)  The immigration judge denied Petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordered Petitioner removed to Cameroon.  (Doc. 9-1 [Order of the Immigration Judge] at 1–3.)  The Department of Homeland Security waived appeal, and Petitioner reserved appeal.  (*Id.* at 4.)  Petitioner may file an appeal with the Board of Immigration Appeals ("BIA") on or before April 22, 2026.  (Doc. 9 at 2.)

**B.    Procedural Background**

Petitioner filed his Petition on January 23, 2026.  (Doc. 1.)  The Court ordered Petitioner to show cause why the Petition should not be dismissed for failure to pay the filing fee.  (Doc. 2.)  After Petitioner paid the filing fee, the Court set a briefing schedule. (Doc. 4.)  On February 19, 2026, Respondents filed their Return to Petition for Writ of Habeas Corpus ("Response").  (Doc. 6.)  Petitioner was authorized to file a reply on or before March 5, 2026, but did not file one.  On March 23, 2026, the Court ordered Respondents to file a supplemental status report regarding the outcome of Petitioner's individual merits hearing.  (Doc. 8.)  Respondents timely complied and filed the status report on March 31, 2026.  (Doc. 9.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit

3:26-cv-00526-RBM-BJW

judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### III.  <u>DISCUSSION</u>

It is undisputed that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (*See generally* Doc. 1; Doc. 6 at 5.) Accordingly, the issue before the Court is whether, under the circumstances of this case, applying the mandatory detention provisions of § 1225(b) violates Petitioner's due process rights.[2] Petitioner argues that his detention has become unconstitutionally prolonged. (Doc. 1 at 6–7.) Respondents argue that Petitioner's "detention is mandated by 8 U.S.C. § 1225(b) until the conclusion of his removal proceedings," and that "even if the Court infers a constitutional right against prolonged mandatory detention, Petitioner's claim still fails." (Doc. 6 at 2, 12–16.)

The Court finds that an unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process, and that Petitioner's detention has become unreasonably prolonged.

### A.    Due Process

Respondents argue that: (1) "inadmissible arriving noncitizens seeking initial entry into the United States . . . have no due process rights 'other than those afforded by statute'" (Doc. 6 at 9 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020)); and (2) *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953), establishes that arriving noncitizens subject to a mandatory detention scheme, regardless of the length of

---

[2]  Respondents also argue that the Court lacks jurisdiction to hear the Petition under 8 U.S.C. § 1252(g). (Doc. 6 at 4–5.) The Court has consistently rejected this argument, *see Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025), and does so again here for the same reasons. Petitioner is challenging his detention under the Fifth Amendment's Due Process Clause. (*See* Doc. 1 at 2, 6–7.) He is thus enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).

3:26-cv-00526-RBM-BJW

their detention, never become entitled by the Due Process Clause to a bond hearing. (Doc. 6 at 7–10.)  The Court recently explained its rationale for rejecting both of Respondents' arguments.  *See Xie v. LaRose*, Case No.: 3:26-cv-01116-RBM-MMP, 2026 WL 836351, at *2–3 (S.D. Cal. Mar. 26, 2026).  The Court incorporates its reasoning in *Xie,* makes the same findings here, and "joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020).

**B.     Prolonged Detention**

The Court applies a six-factor balancing test to analyze whether detention under § 1225(b) has become unreasonably prolonged. *See id.* at 773.  Under this test, the Court considers:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025).

As to the first factor, which has been described as "the most important," *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019), Petitioner has been detained for over 11 months. (*See* Doc. 6 at 3.)  Respondents argue that "the length of Petitioner's detention fall[s] comparatively short of the length courts in this district have found to warrant habeas relief." (Doc. 6 at 13.)  As another court in this District noted, though, "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases).  The length of detention thus weighs in Petitioner's favor.

As to the second factor, although Petitioner has not yet filed an appeal of the immigration judge's removal order, he has until April 22, 2026 to do so.  (Doc. 9 at 2.)

The "undetermined, but likely significant, period of mandatory detention through the appeals process" weighs in favor of Petitioner. *Gao*, 805 F. Supp. 3d at 1111; *accord Guatam v. Corr. Corp. of Am.*, Case No.: 3:25-cv-3600-JES-DEB, 2026 WL 25846, at *5 (S.D. Cal. Jan. 5, 2026) ("a removal order may not become final until after the appeals [the petitioner] could file, to both the Board of Immigration Appeals and Ninth Circuit"); *Masood v. Barr*, Case No. 19-cv-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) ("The BIA appeal . . . [is a] perfectly legitimate proceeding[] he is legally entitled to pursue," and the respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved," which "could lead to further proceedings that might take up many more months, or even years.").

Respondents correctly note that if "Petitioner fails to file a timely appeal, . . . immigration detention authority will shift from 8 U.S.C. § 1225(b) to 8 U.S.C. § 1231." (Doc. 9 at 2 n.1 (citations omitted).)  Should Petitioner fail to timely file an appeal, the removal order will become final, the 90-day mandatory removal period of § 1231 will begin, and he will be re-detained.  *See* 8 U.S.C. § 1231(a); 8 C.F.R. § 241.3(a) ("Once the removal period defined in section 241(a)(1) . . . begins, [a noncitizen] in the United States will be taken into custody pursuant to the warrant of removal.").  But as of now, the Court finds that Petitioner has reason to anticipate significant future detention, which weighs in his favor.

As to the third factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted).  Petitioner is detained at Otay Mesa Detention Center, the conditions of which other courts have found "indistinguishable from penal confinement." *Kydyrali*, 499 F. Supp. 3d at 773 (citation omitted).  The conditions of confinement weigh in Petitioner's favor.

The fourth and fifth factors are neutral, as it appears both Parties have been responsible for delays in the removal proceedings. (*See* Doc. 6 at 3–4 (noting delays caused both by Petitioner's multiple requests for continuances and by immigration judge

unavailability); Doc. 1-2 at 1 [Declaration of Petitioner] ("I was initially given a merits hearing on January 8, 2026, but was later changed without [ ] reason and I was given a new merits hearing" scheduled for February 27, 2026); Doc. 9 at 1 ("Petitioner's merits hearing was held on February 24, 2026, but was continued by the Immigration Court due to insufficient time.").)

As to the sixth factor, Petitioner's applications for asylum, withholding of removal, and CAT relief were all denied. (Doc. 9-1 at 1–2.) This makes it more likely that the removal proceedings will result in a final order of removal. *Cf. Abdul Kadir*, 2025 WL 2932654, at *5 (finding that the petitioner's grant of asylum was a strong indication that he would not receive a final order of removal). This weighs against Petitioner.

Three of the factors, including "the most important one," weigh in Petitioner's favor, and one weighs against him. Therefore, the Court finds that Petitioner's detention under § 1225(b) has become unreasonably prolonged and that due process requires that he be provided with a bond hearing.

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **fourteen (14) days** of entry of this Order to determine whether his continued detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence,[3] that Petitioner poses a danger to the community or a risk of flight. If no hearing occurs **within fourteen (14) days** of entry of this Order, Petitioner shall be released from

---

[3] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

3:26-cv-00526-RBM-BJW

Respondents' custody.  On or before **April 24, 2026**, Respondents **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.

**IT IS SO ORDERED.**

DATE:  April 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE
